# Case No. 4,694.

## The FAVORITA.

[4 Ben. 132.][1]

District Court, E. D. New York. April, 1870.

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

B. D. Silliman, for libellant.
Benedict & Benedict, for claimants.

BENEDICT, District Judge. This case comes before the court, upon exceptions taken by both parties to the commissioner's report of the amount of the loss sustained by the Union Ferry Company, by reason of a collision between the ferry-boat Manhasset, and the steamship Favorita. On the part of the libellants, objection is taken to the disallowance by the commissioner of the amount of a bill of costs, incurred by the libellants in defending an action brought against them, to recover an exorbitant demand for the use of a tug-boat, in keeping the Manhasset afloat, when she was hurt. The exception to the report upon this ground cannot be sustained. It was the misfortune of the libellants, that they were compelled to resort to law, as their only means of avoiding an unjust demand, and the expense, thereby entailed, cannot be recovered in this action, as part of the damages resulting from the collision in question.

An exception is taken on the part of the claimant, to the item of demurrage allowed by the commissioner, upon which point the evidence is that the libellant's ferry-boat was detained from her regular employment, for the space of ten days, and that the value of the use of such a boat is $75 per day. In addition, it is proved that the libellants at once replaced the boat, upon the ferry, by a spare boat of their own, kept for the purpose of relieving ferry-boats from duty, when necessary; and it is also shown that the receipts of the ferry were not diminished by the absence of the Manhasset from her place upon the ferry. These circumstances do not however preclude the libellants from recovering the real value of the use of the Manhasset, for the period she was laid up. The libellants are entitled to be made good, for all which they lost by reason of the collision. It is conceded that they lost the use of the Manhasset, for a period of ten days, and the value of that use, they have proved to be $75 per day. I see no reason why they should not recover that loss, as part of their damages, notwithstanding the fact, that they took another boat of their own, to replace the injured boat, instead of hiring a boat of a third party.

This question is substantially the same, as that decided by this court, in the case of The Cayuga [Case No. 2,535], and until further instructed, I adhere to the rule there laid down. The first exception on the part of the claimant is therefore overruled.

Both sides have excepted to the allowance of $1,000, as the amount of permanent injury caused to the Manhasset, by the collision, and I have duly considered the evidence bearing upon the subject.

It appears clearly proved, that some permanent depreciation of the value of the boat did result from the collision, but the amount of that depreciation is not so clear. Upon the evidence I certainly could not consider that amount to have been shown to exceed the sum awarded, and have no hesitation in disallowing the exception taken by the libellants upon that ground. I am not very well satisfied with the evidence as showing it to have equalled the sum awarded, but, upon the whole, I conclude not to disturb the finding of the commissioner upon the point. The exceptions of both sides, are accordingly overruled, and the report confirmed as it stands.

I have been asked, at this time, to determine also the question of costs, which was not determined in the interlocutory decree. The case is one of mutual fault, and although I entertain no doubt as to the propriety, in a proper case, of mitigating the effect of the rule of equal division of loss, in cases of mutual fault, by awarding full costs to either party, I do not consider that the present case calls for any deviation from the practice, which is to refuse costs to both parties, when both are equally in fault.